**Robert E. APARICIO, Plaintiff— Appellant,**

**v.**

**John E. POTTER, Postmaster General (USPS); et al., Defendants— Appellees.**

**No. 04–15769.**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.*

Decided April 7, 2005.

Robert E. Aparicio, Rohnert Park, CA, pro se.

Patricia Benton, Esq., USSF—Office of the U.S. Attorney, Karen Sawislak, Leon-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ard Carder LLP, San Francisco, CA, Arthur Krantz, Esq., Leonard, Carder, Nathan, Zuckerman, Ross, Chin & Remar, M. Jane Lawhon, Esq., Law Offices of James Eggleston, Oakland, CA, for Defendants–Appellees.

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM **

Robert E. Aparicio appeals pro se the district court's summary judgment for defendants in his action against the American Postal Workers Union for breach of the duty of fair representation, and against the Postmaster General for wrongful termination. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Patterson v. Int'l Bhd. of Teamsters, Local 959,* 121 F.3d 1345, 1349 (9th Cir.1997), and we affirm.

The district court properly granted summary judgment for the American Postal Workers Union, AFL–CIO ("the National Union") because Aparicio failed to raise a genuine issue of material fact as to whether the National Union's handling of his grievances, or its representation during arbitration with the Postal Service, was "arbitrary, discriminatory, or in bad faith." *Truesdell v. S. Cal. Permanente Med. Group,* 293 F.3d 1146, 1153 (9th Cir.2002). Aparicio's allegation that his representative from the National Union ignored phone calls and caused delays in the proceedings does not constitute a claim for bad faith. *See Patterson,* 121 F.3d at 1349. Mere negligence in the handling of

** This disposition is not appropriate for publication and may not be cited to or by the

a grievance does not breach the duty of fair representation. *Id.*

The district court properly granted summary judgment for the American Postal Workers Union, San Francisco Local ("the Local Union") because Aparicio failed to raise a genuine issue of material fact as to whether the Local Union owed Aparicio a duty of fair representation for portions of his grievance over which the National Union had exclusive control.

The district court properly granted summary judgment for the Postmaster General with respect to Aparicio's wrongful termination claim because Aparicio failed to establish that the National Union breached its duty of fair representation, and thus, the collective bargaining agreement provides the exclusive remedy for the parties. *See Stevens v. Moore Bus. Forms,* 18 F.3d 1443, 1447 (9th Cir.1994) (an employee may not bring a wrongful termination claim in federal court against the employer unless the employee can show that the union breached its duty of fair representation).

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.